UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WINMARK CORPORATION,

          Plaintiff,

                                                      Case Number 10-12768-BC
v.                                                      Honorable Thomas L. Ludington

SPORTS EXCHANGE and
RANDALL B. MCKENNEY,

          Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AMENDED JUDGMENT

On July 14, 2010, Plaintiff Winmark Corporation filed a complaint against Defendants Sports Exchange and Randall B. McKenney, alleging several claims arising from the Defendants' unauthorized use of Plaintiff's trademark, "Play It Again Sports," following the termination of the parties franchise agreement. On July 28, 2010, Plaintiff filed a motion for a preliminary injunction, seeking to enjoin Defendants' continued use of Plaintiff's trademark. On August 9, 2010, Defendants had not answered Plaintiff's complaint and Plaintiff requested entry of default by the clerk. Fed. R. Civ. P. 55(a). The clerk entered the default on August 10, 2010, and on August 19, 2010, Plaintiff filed a motion for entry of a default judgment by the Court. Fed. R. Civ. P. 55(b)(2). The motion was granted and a default judgment was entered against Defendants on October 26, 2010 [Dkt. # 15].

The default judgment required, among other things, that Defendants remove "Play It Again Sports" signage from their storefront in Saginaw, stop using Plaintiff's proprietary pricing software, and remit outstanding royalty and advertising payments to Plaintiff. Defendants did not comply with

the judgment, and on November 23, 2010, Plaintiff filed an emergency motion seeking a court order sanctioning Defendants for noncompliance with the judgment.

On December 2, 2010, the Court entered an order scheduling a hearing for January 6, 2011 and directing Defendants to show cause why they should not be sanctioned for noncompliance with the judgment. At the hearing, Defendant Randall B. McKenney appeared but was unable to offer a satisfactory explanation for why he and his company, Defendant Sports Exchange, had not complied with the judgment. McKenney argued that the terms of the judgment were unreasonable, but ultimately acknowledged that he was obligated to comply based on the contract he had entered into with Plaintiff. McKenney agreed to remove the signage from the Saginaw store, return Plaintiff's software, and pay past due royalties. Also at the hearing, Plaintiff indicated that it would be seeking additional compensation for attorney fees and expenses associated with its efforts to enforce the judgment and protect its trademarks.

On January 14, 2011, Plaintiff filed a motion for an amended judgment, seeking additional royalties, courier fees, travel costs, and attorney fees. Plaintiff has demonstrated its entitlement to an additional $523.11 in royalty and marketing fees that accumulated between August 17, 2010 and October 1, 2010. [Dkt. # 28]. Accordingly, the judgment will be amended to reflect those additions. The Court will also award reasonable post-judgment fees and costs to Plaintiff as a sanction for Defendants' noncompliance with the judgment. *See* 18 U.S.C. § 401; *United States v. Conces*, 507 F.3d 1028, 1041–42 (6th Cir. 2007). The fees and costs requested by Plaintiff, however, are excessive and will be reduced.

First, Plaintiff has requested $624 in courier fees, $0.60 for photocopies, and a $1.28 credit card processing fee. Plaintiff emphasizes that Defendants have been difficult to find and serve with

the judgment and other orders. Notably, the Court ordered Plaintiff to serve Defendants with the judgment and several other orders to ensure that Defendants were receiving notice of the proceedings that were occurring in this Court. The fee request is not unreasonable in light of the number of occasions where service was required and Defendants' apparent efforts to avoid the judgment.

Second, Plaintiff requests $974.79 in travel costs for an attorney from Minneapolis to fly to Bay City to attend the January hearing and also to drive by Defendants' Saginaw storefront to ascertain whether they were complying with the judgment. There is a sufficient supply of attorneys in Saginaw, including Plaintiff's local counsel, who could have completed those tasks capably and efficiently. The Minneapolis attorney's familiarity with the franchise agreement does not justify the time and money required to travel to Bay City for the hearing. The request for travel costs will be denied.

Finally, Plaintiff requests $7,202.50 in attorney fees, which consists of 21.5 hours billed by Plaintiff's Minneapolis attorney at $325 per hour and one hour billed by Plaintiff's local attorney at $215 per hour. The request amounts to nearly three working days of attorney time to make a few phone calls, send a few letters, and draft a single, straightforward, motion and brief. The brief is less than four pages long and cites four cases. Ten hours should have been sufficient for a competent junior-level attorney to complete the tasks identified by Plaintiff. Accordingly, Plaintiff will be awarded $1,650 in attorney fees, or ten hours at $165 per hour. *See Braun Builders, Inc. v. Kancherlapalli*, No. 09-11534-BC, 2010 WL 3190867, at *3–4 (E.D. Mich. Aug. 11, 2010) (discussing fee rates in Michigan for litigation attorneys); *Hyldahl v. AT&T*, No. 07-14948-BC, 2009 WL 2567197, at *3–4 (E.D. Mich. Aug. 17, 2009) (same).

Accordingly, it is **ORDERED** that Plaintiff's motion for an amended judgment [Dkt. # 26] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the default judgment entered on October 26, 2010 [Dkt. # 15] is **AMENDED** to reflect an additional $523.11 in royalties and marketing fees for a total of $1,849.56 in royalties and marketing fees. *Id.* ¶ 3.

It is further **ORDERED** that Defendants are **DIRECTED** to pay Plaintiff an additional $625.88 in costs and $1,650 in attorney fees, for a total of $2,275.88, as a sanction for noncompliance with the judgment.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 7, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on defendants at 4856 Flajole Road, Midland, Michigan by first class U.S. mail on April 7, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS